THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LESLEY ALLISON CLARK                                                      PLAINTIFF

v.                                                      CIVIL CASE NO. 4:22-CV-103-RP

COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

## OPINION AND JUDGMENT

Lesley Allison Clark seeks judicial review pursuant to 42 U.S.C. § 405(g) of the unfavorable

decision of the Commissioner of Social Security regarding an application for supplemental security

income, a period of disability and disability insurance benefits.   The parties have consented to entry

of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. §

636(c), with any appeal to the Court of Appeals for the Fifth Circuit.   The undersigned held a

hearing on July 5, 2023.   Having considered the record, the administrative transcript, the briefs of

the parties, the oral arguments of counsel and the applicable law, the undersigned finds the

Commissioner's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2]   First, plaintiff must prove he is not currently engaged in substantial

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

1

gainful activity.[3]   Second, plaintiff must prove his impairment is "severe" in that it

"significantly limits his physical or mental ability to do basic work activities . . . ."[4]   At step

three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are

medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1,

§§ 1.00-114.09 (2010).[5]   If plaintiff does not meet this burden, at step four he must prove that he

is incapable of meeting the physical and mental demands of his past relevant work.[6]   At step

five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional

capacity, age, education and past work experience, that he is capable of performing other work.[7]

If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the

chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by

substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v.*

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993);

*Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).   The court has the responsibility to

scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### Commissioner's Decision

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, she found that the plaintiff has the severe impairments of: polyarthralgias, rheumatoid arthritis of multiple sites with negative rheumatoid factor, and generalized osteoarthritis. At step three, she found that none of

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

these impairments or combination of these impairments meets or medically equals a listed

impairment.   The ALJ then found the plaintiff has the residual functioning capacity ("RFC") to

perform a full range of light work with the following limitations:

> she must be afforded the option to sit or stand during the workday
> for one or two minutes every hour or so to change positions.   She
> cannot climb ropes, ladders, or scaffolds.   She would need to avoid
> concentrated hot or cold temperature extremes and avoid
> unprotected heights.

At step four, the ALJ found that the plaintiff is unable to perform any of her past relevant work.

Finally, at step five, the ALJ found that considering the plaintiff's age, education, work

experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff

can perform, such as the jobs of ticket seller, parking lot cashier and mail clerk.   As such, the

ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff first argues that the ALJ erroneously found that the plaintiff does not have a

medically determinable impairment of fibromyalgia, notwithstanding the diagnosis of that

condition by the plaintiff's treating specialist, Jason Taylor, MD.   The plaintiff points out that

her application was filed before March 27, 2017, when the Commissioner's framework for

considering medical opinions was changed.   The plaintiff urges the court to apply the "treating

physician rule" under the older framework applicable to the plaintiff's application, whereby

"[t]he opinion of the treating physician who is familiar with the claimant's impairments,

treatments and responses, should be accorded great weight in determining disability."   *Newton*

*v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000).   Under the applicable framework, the plaintiff

argues, it was error for the ALJ not to find fibromyalgia to be a medically determinable impairment in accordance with Dr. Taylor's diagnosis. The court disagrees.

The Commissioner has a very specific framework for determining whether a claimant has a medically determinable impairment of fibromyalgia, under which framework the Commissioner "cannot rely upon the physician's diagnosis alone." SSR 12-2P (S.S.A.), 2012 WL 3104869, at *2 (2012). In addition to a physician's diagnosis, the Commissioner requires medical evidence satisfying either one of two sets of criteria based on the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia. *Id.* In her discussion at step two of the sequential analysis in this case, the ALJ carefully evaluated the evidence in these regards and concluded that neither set of criteria is satisfied, and the plaintiff does not dispute this conclusion. There is no error here.

Next, the plaintiff argues the ALJ erroneously failed to recontact Dr. Taylor or order a consultative examination to determine whether the plaintiff has a medically determinable impairment of fibromyalgia -- and a severe one at that. However, under the regulations, "the ALJ has the discretion to recontact a medical source if the evidence is inconsistent and cannot be resolved, or if the ALJ has insufficient evidence to determine whether the claimant is disabled." *Cox v. Berryhill,* No. 1:16CV77 LRA, 2017 WL 5054282, at *5 (S.D. Miss. Sept. 17, 2017) (citing 20 C.F.R. §§ 404.1520b(c) and 416.920b(c)). Whether to obtain a consultative examination is likewise discretionary, and the ALJ's duty to undertake a full inquiry "does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision." *Pierre v. Sullivan*, 884 F.2d 799, 802 (1989) (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir.

1977) (emphasis in original)).   Even where an ALJ has failed to develop an adequate record, reversal is not warranted unless the claimant shows he was prejudiced as a result.  *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984).   "[He] must show that, had the ALJ done his duty, [he] could and would have adduced evidence that might have altered the result."  *Kane,* 731 F.2d at 1220.

In the present case, the ALJ had before her and considered several years of Dr. Taylor's treatment notes.   The court concludes the record was sufficient for the ALJ to determine whether the criteria for establishing a medically determinable impairment of fibromyalgia are satisfied, and the ALJ did not abuse her discretion by not recontacting Dr. Taylor or ordering a CE.   Further, the plaintiff has not established what evidence such actions would have adduced that might have changed the decision.   Even if the court were to conclude that such additional evidence would have resulted in a finding of a severe impairment of fibromyalgia, "this fact does not require a remand when the Secretary has gone beyond the second step, as here, as not all 'severe' impairments are disabling."  *Harrell v. Bowen,* 862 F.2d 471, 481 (5th Cir. 1988).

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 7th day of July, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE